IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann,          ) | C/A No. 0:14-1647-RMG-PJG |
|               ) | |
| Plaintiff,    ) | |
|               ) | |
| v.            ) | |
|               ) | **REPORT AND RECOMMENDATION** |
| Captain C. Williams; Captain Rhonda Abston,  ) | |
|               ) | |
| Defendants.   ) | |
| _____ ) | |

     The plaintiff, Anthony L. Mann ("Mann"), a self represented state prisoner, filed this action against the defendants pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion to dismiss or, in the alternative, for summary judgment. (ECF No. 15.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Mann of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 17.) Mann filed a response in opposition to the motion (ECF No. 23) and the defendants replied (ECF No. 29).[1] Having reviewed the parties' submissions and the applicable law, the court finds that the defendants' motion should be denied.

## BACKGROUND

     Mann alleges that, on March 20, 2011, he saved part of his breakfast to take with medication later in the day. (ECF No. 1 at 2.) When Mann refused to relinquish the food to Defendant Captain Rhonda Abston, she allegedly activated a "force cell movement team to strip Plaintiff out and place him on Nutriloaf meal service." (Id.) Prior to Mann's removal from his cell, Defendant Captain C.

---

[1] Mann also filed a sur-reply. (ECF No. 30.)



Williams purportedly "blasted Plaintiff directly in his face" with an "MK-9 crowd control fogger." (Id. at 2–3.) Mann alleges that he was not allowed any form of decontamination and was placed in "full strip-out status" for the next four days by Defendant Abston. (Id. at 3.) Mann asserts that he filed a Step One grievance regarding this incident on March 24, 2011, which has not yet been answered. (Id.) Mann seeks monetary damages and injunctive relief in this action. (Id. at 5.)

## DISCUSSION

**A.     Applicable Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The court observes that it is required to liberally construe *pro se* complaints. Id. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal



court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Additionally, summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322.

**B.     Defendants' Motion**

The defendants argue that Mann's claims are barred by the statute of limitations. An assertion that a claim is barred by the applicable statute of limitations is an affirmative defense, see Fed. R. Civ. P. 8(c), and a motion to dismiss "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). Courts have also observed that because equitable tolling may depend on matters outside the pleadings, "it is rarely appropriate to grant a Rule 12(b)(6) motion to dismiss (where review is limited to the complaint) if equitable tolling is at issue." Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006) (citing Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1206 (9th Cir. 1995)). As discussed below, equitable tolling is an issue in this case. Further, the defendants presented an affidavit declaration in support of their motion, to which Mann filed a sur-reply. Therefore, the court is treating the defendants' motion as one for summary judgment pursuant to Rule 56.[2]  See Fed. R. Civ. P. 12(d).

---

[2] The court observes that the defendants do not oppose treating the motion as one for summary judgment under Rule 56. (ECF No. 15 at 3.)



The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. See Owens v. Okure, 488 U.S. 235 (1989); S.C. Code Ann. § 15-3-530(5). The defendants' alleged use of excessive force purportedly occurred on March 20, 2011. (ECF No. 1 at 2-3.) The instant Complaint was signed on April 17, 2014, received in the prison mailroom on April 22, 2014, and filed on April 24, 2014—more than three years after the alleged incident took place. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to the district court). Thus, the defendants argue that the instant case is barred by the statute of limitations. (ECF No. 15 at 2-3.)

In response to the defendants' motion, Mann argues that the limitations period should be equitably tolled while his grievance was pending before the South Carolina Department of Corrections ("SCDC"), as Mann is required to exhaust administrative remedies prior to filing a civil action. (ECF No. 23.) In reply, the defendants assert that Mann is not entitled to equitable tolling of the statute of limitations because there is no evidence that he actually filed a grievance concerning the alleged excessive force incident at issue in this Complaint. (ECF No. 29.) The defendants provide the affidavit of Ann Hallman, Branch Chief of Inmate Grievances at SCDC, to support this contention. (ECF No. 29-1.) As in the Complaint, Mann's response in opposition to the defendants' motion asserts the timely filing of a Step One grievance, to which he has allegedly received no response. (ECF No. 23 at 2.)

Upon review of the filings, the court concludes that the statute of limitations may be subject to equitable tolling. See King v. Ozmint, 2013 WL 4681236, C/A No. 0:11-1455-RBH-PJG, at *2 (D.S.C. July 23, 2013), adopted as modified by 2013 WL 4680532 (D.S.C. Aug. 30, 2013); see also Wade v. Danek Med., Inc., 182 F.3d 281, 289 (4th Cir. 1999) (holding that under a borrowed statute



of limitations state rules of equitable tolling apply). Moreover, in light of Mann's verified allegations conflicting with Hallman's affidavit, it appears that a genuine issue of material fact exists as to whether Mann filed a Step One grievance as to this issue. Therefore, the court concludes that the defendants are not entitled to judgment as a matter of law on the basis that Mann's Complaint was untimely filed.

### RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion (ECF No. 15) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 19, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.' " Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).