IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Anthony L. Mann, | ) | |
| | ) | No. 0:14-cv-1647-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| vs. | ) | |
| | ) | |
| Captain C. Williams, Captain Rhonda Abston, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 32), recommending that Defendants' Motion to Dismiss[1] (Dkt. No. 15) be denied. No party has filed objections to the R & R. For the reasons stated below, the Court ADOPTS the R & R and DENIES Defendants' motion.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416

---

[1] The Magistrate Judge properly construed the motion as one for summary judgment as she considered evidence outside of the pleadings.

F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note).  Moreover, in

the absence of specific objections to the R & R, the Court need not give any explanation for

adopting the Magistrate Judge's analysis and recommendation.  *See Camby v. Davis*, 718 F.2d

198, 200 (4th Cir. 1983).

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and

concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in

this matter.  The Court agrees that Plaintiff's verified complaint creates a genuine issue of

material fact as to whether he filed a Step One grievance.  If Plaintiff filed a Step One grievance

and never received a response, he has exhausted his administrative remedies.  *See Williams v.

Loyd*, No. 2:09–2289, 2010 WL 3609790 at *4 (D.S.C. Apr. 28, 2010) ("When a prisoner files a

grievance and has not received a timely determination, the grievance may be considered

exhausted under the PLRA.").  The Court also agrees that the statue of limitations may be subject

to equitable tolling in this case and denies the motion without prejudice on this ground.

THEREFORE, the Court, **ADOPTS** the Magistrate Judge's Report and

Recommendation, (Dkt. No. 32), as the order of this Court.  Accordingly, Defendant's motion

(Dkt. No. 15) is **DENIED**.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

October 17, 2014
Charleston, South Carolina

-2-