IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony L. Mann, ) | C/A No. 0:14-1647-RMG-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Captain C. Williams; Captain Rhonda Abston, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Anthony L. Mann, a self-represented state prisoner, filed this civil rights action under 42 U.S.C. § 1983 against the named defendants. This matter is before the court on Mann's motion to compel (ECF No. 46). For the reasons discussed below, Mann's motion is granted in part and denied in part.

Except as further discussed hereinbelow, the defendants' objections to Mann's discovery requests are sustained.

The remaining objections pertain to Mann's Request for Production No. 8. As previously explained by the court, Mann alleges that the defendants used excessive force and were deliberately indifferent to his medical needs regarding an incident in which Mann was sprayed with chemical munitions. Mann filed a motion to compel which, in relevant part, sought an order compelling the defendants to produce a copy of the relevant portion of the South Carolina Department of Corrections policy that details the steps required to decontaminate a prisoner who has been exposed to chemical munitions. (ECF No. 46 at 4-5.) The defendants objected to this production on the bases that the request "is vague and ambiguous as written," "is neither relevant to a claim or defense in this action, nor reasonably calculated to lead to the discovery of admissible evidence," and "is

overly broad and therefore unduly burdensome," and object to the request to the extent "it seeks information or documents not in the possession, custody or control of Defendants," and to the extent "the information requested by [Mann] is restricted, as its production would jeopardize the safety of the officers and staff at SCDC, and would impede on their ability to maintain proper order within SCDC's institutions." (See Pl.'s Request for Prod. No. 8, ECF No. 49-1.)

The court directed the defendants to provide legal authority for their objections to Mann's request, specifically including the basis for their contention that production of the decontamination portions of the policy presents a security risk, as well as to produce any documents responsive Request for Production No. 8 to the court for *in camera* review.

In response, the defendants provided the court with excerpts of the "Use of Force" policy. The defendants reiterate that this policy is not in their possession or control (although they produced it to the court, so it clearly is now) and argue that as a restricted policy "it contains information that is highly sensitive in nature and directly involves the security of SCDC and its institutions." (ECF No. 65 at 3.) With regard to the Use of Force policy, the defendants specifically argue as follows:

> Disclosure of this policy could impede the SCDC's staff's ability to maintain proper order within SCDC institutions. Specifically, any knowledge of the policy and its contents could be used by Plaintiff, or any other inmate, to tailor their actions in concert with the Use of Force policy. As such, it jeopardizes the security of the institution, its officers, and their ability to enforce the policy and maintain proper order within the institution.

(Id.) The defendants also rely on an unsigned affidavit from a state court civil action, arguing in pertinent part, that "[t]he information within the Use of Force policy is classified in that it identifies the minutest specifics as to the force continuum to include identifying the responsive levels of control resulting from various levels of resistance from inmates." (Id. at 4.) Finally, the defendants



argue that as a frequent filer of these types of actions and with Mann's alleged history, "[a]llowing Plaintiff to access or view the Use of Force policy, even if limited to just the decontamination portions, would permit him to use this knowledge to his advantage in the future and potentially share it with other inmates." (Id.)

Upon review of the portions of the policy produced for *in camera* review and the parties' arguments, the court sustains the defendants' objections in part based on the defendants' assertion of security concerns. However, the court finds that the text of the decontamination portion of the policy at issue, specifically, OP-22.01 § 6.5, is relevant to Mann's claims and does not implicate any of the security concerns raised by the defendants. (ECF No. 80) (*in camera* submission) (access restricted). Because the excerpt is brief, rather than requiring the defendant to produce a redacted version of the policy to Mann, the court will issue a supplemental order quoting the relevant two sentences of the policy after the expiration of the time permitted by applicable law to appeal this order to the district judge, assuming no appeal is filed. If applicable, Mann may refer to the excerpt in any legal filings in this case by citing to the forthcoming Order.

It is therefore

**ORDERED** that the plaintiff's motion to compel is granted in part and denied in part.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

April 2, 2015
Columbia, South Carolina