IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Anthony L. Mann, | ) |
| | ) |
| | ) No. 0:14-cv-1647-RMG |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Captain C. Williams, Captain Rhonda Abston, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 96), recommending that Defendants' Motion for Summary Judgment (Dkt. No. 68) be granted. Plaintiff filed objections to the R & R, (Dkt. No. 105). For the reasons stated below, the Court adopts the R & R only in part and grants in part and denies in part Defendants' motion.

### I. Facts[1]

Plaintiff is a prisoner at Lee Correctional Institution. This case stems from an incident that occurred on March 20, 2011, during the time Plaintiff was housed at Perry Correctional Institution. According to Plaintiff, the use of force incident started with Plaintiff keeping uneaten food in his cell.[2] Plaintiff saved two (2) boiled eggs from his breakfast to take with his

---

[1] The facts are taken in the light most favorable to Plaintiff.

[2] According to Defendants, the incident began with Plaintiff repeatedly banging on his door and ripping up his mattress. (*See, e.g.*, Dkt. No. 68-3). However, the Court assumes, for the purposes of this motion, that Plaintiff's version of events is true.

medications later in the day.³ (*See* Dkt. No. 105 at 1; Dkt. No. 1 at 2). Officer McBride, who is not a defendant, "noticed the eggs in Plaintiff's cell" and told Plaintiff to give him the eggs. (Dkt. No. 1 at 2). Plaintiff refused. (*Id.*). Plaintiff "does not dispute having food in his cell or that he refused to turn it over to Ofc. McBride." (*Id.* at 4). It was a violation of SCDC policy for Plaintiff to have uneaten food in his cell. (Dkt. No. 68-3 at 2).

Plaintiff states that when he refused to comply, McBride went to Defendant Abston and "called back up." (Dkt. No. 1 at 2). According to Plaintiff, Defendant Williams approached Plaintiff's cell door, asked Plaintiff to come to the cell door to talk with him about the situation, and had the control room "crack" the door to Plaintiff's cell. (*Id.*). When Plaintiff approached the door to talk with Defendant Williams, Defendant Williams "swung an MK-9 Crowd Control [OC Aerosol] fogger device from behind his back and blasted Plaintiff directly in his face at point blank range."⁴ (*Id.* at 2-3).

Not long after the incident, Plaintiff was seen by a nurse. Plaintiff testifies that the nurse told him "to use the cold water off the sink" to flush the pepper spray off. (Dkt. No. 18 at 22). Plaintiff was allowed to flush his face with water for "about five or six minutes." (*Id.*). He did not have any soap at the time. (*Id.*). Then, when the nurse left, Defendants said Plaintiff was

---

³ In his Complaint, Plaintiff states that he saved the eggs to be taken "when the meds began giving hunger pains or stomach discomfort." (Dkt. No. 1 at 2). In his Objections, Plaintiff states that he was instructed by a doctor to take the medication with food. (Dkt. No. 105 at 1). The Court accepts as true, for the purposes of this motion, that Plaintiff saved the food to take with his medication. However, there is no evidence in the record that Defendants, Officer McBride or any other SCDC staff were aware of a requirement that Plaintiff have food to take with his medication.

⁴ Defendant Williams disputes this version of events. (*See* Dkt. No. 68-4).

"flooding out" and cut off the water to his cell. (*Id.*). Plaintiff was not offered a shower. (Dkt. No. 94 at 3).

Because Plaintiff refused to turn over the uneaten food, in violation of SCDC policy, Defendant Abston directed that Plaintiff be placed on nutriloaf meals for seventy-two (72) hours. (Dkt. No. 68-3 at 2).

## **II. Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

However, as to portions of the R & R to which no objection is made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P 72 advisory committee note). Additionally, the Court need not give any explanation for adopting the R & R in the absence of specific objections by the parties. *See Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983) ("Absent objection, we do not believe that any explanation need be given for adopting the report.").

claim.[5] *See Jackson v. Morgan*, 19 F. App'x 97, 102 (4th Cir. 2001) (finding Plaintiff's decontamination was "adequate" where he was allowed to "flush[] his face and head with running water" but was not provided soap). Similarly, Plaintiff's claim for deliberate indifference to medical needs fails, as it is undisputed that he was seen by medical personnel soon after the incident, and there is no evidence in the record that he requested or otherwise needed further medical attention. Therefore, the Court grants summary judgments as to these claims.

## C. Nutriloaf

Plaintiff does not object to the Magistrate Judge's recommendation to grant summary judgment on his conditions of confinement claim. (*See* Dkt. No. 105). The Court agrees that being placed on nutriloaf meals for seventy-two hours does not rise to the level of an Eighth Amendment claim. *See, e.g., LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (holding that a temporary diet of Nutraloaf did not rise to a constitutional violation); *Harley v. Cartledge*, No. 0:13-CV-02350-RBH, 2015 WL 727936, at *3 (D.S.C. Feb. 19, 2015) ("[F]eeding the plaintiff nutraloaf is not a constitutional violati on."); *McKinnedy v. Pate*, No. 6:13-CV-01793-GRA, 2013 WL 5517905, at *4 (D.S.C. Oct. 1, 2013) ("Plaintiff's claims about the use of a nutriloaf diet also fail to show a constitutional violation."). Therefore the Court grants summary judgment on this claim.

---

[5] The Magistrate Judge declined to consider Plaintiff's claims that he was denied soap and a wash rag on their merits, finding Plaintiff never amended his complaint. (Dkt. No. 96 at 1 n.1). Under the liberal pleading standards afforded *pro se* plaintiffs, the Court finds this claim adequately raised, and declines to adopt footnote 1 of the R & R. However, the Court grants summary judgment on this claim because under Fourth Circuit precedent, it is sufficient that Plaintiff was allowed to flush his face with water for a number of minutes.

## III. Discussion

### A. Use of Pepper Spray

The Magistrate Judge found that no reasonable jury could find the use of pepper spray excessive under the particular facts. (Dkt. No. 96 at 10). However, in doing so, the Magistrate credited Defendant Williams' version of events. (*Id.*). Williams testifies that he gave Plaintiff a directive to back away from the cell door, and when Plaintiff ignored this directive, Williams "sprayed a burst of chemical munitions into Mann's cell and towards Mann's facial area." (Dkt. No. 68-4 at 1-2). However, this testimony is directly contradicted by Plaintiff's testimony that Williams essentially lured Plaintiff to the door, asking him to come to the door and talk about the situation, and then whipped out the pepper spray from behind is back to spray Plaintiff in surprise. Such conflicting testimony creates an issue of fact. Under Plaintiff's version of events, a reasonable jury could find that Williams acted "maliciously and sadistically to cause harm" rather than to in a good-faith effort to restore discipline. *See, e.g., Tedder v. Johnson*, 527 F. App'x 269, 272-73 (4th Cir. 2013) (overturning grant of summary judgment where, among other things, there was a dispute of fact as to whether Plaintiff was willing to comply with Defendant's commands at the time mace was used). Therefore, the Court DENIES summary judgment as to Plaintiff's Eighth Amendment excessive force claim.

### B. Decontamination

The Court agrees, however, that no reasonable jury could find for Plaintiff on his Eighth Amendment decontamination claim. It is undisputed that Plaintiff was seen by medical personnel soon after the use of pepper spray and was allowed to flush his face with water for five to six minutes. Under Fourth Circuit precedent, this is sufficient to survive a constitutional

-4-

## IV. Conclusion

The Court adopts all portions of the R & R, (Dkt. No. 96), except footnote 1 on page 1 and Section B.3.a. Deployment of Chemical Munitions on pages 8-10. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion for summary judgment (Dkt. No. 68). The Court **GRANTS** summary judgment as to Plaintiff's Eighth Amendment decontamination claim, medical indifference claim, and conditions of confinement claim, and these claims are **DISMISSED WITH PREJUDICE**. Because all the claims against her are dismissed, Defendant Abston is **DISMISSED** from this action. The Court **DENIES** summary judgment as to Plaintiff's excessive force claim against Defendant Williams.

**IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

September 2, 2015
Charleston, South Carolina